IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LANCE LOWELL LEWIS, | ) C.A. No.: |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| THE BOEING COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT AND JURY DEMAND

The Plaintiff, Lance Lowell Lewis, by and through his attorney, Bonnie Travaglio Hunt of

Hunt Law, L.L.C. hereby complains against the Defendant, The Boeing Company as follows:

## NATURE OF THE ACTION

1.    This action is brought pursuant to Age Discrimination in Employment Act.    The

jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights

guaranteed by federal law and state law which rights provide for injunctive and other relief

for illegal discrimination in employment.

2.    This action specifically covers actions from July 16, 2021 until the Plaintiff's termination

on November 9, 2021.

3.    This action is brought pursuant to the Age Discrimination in Employment Act (ADEA) 29

U.S.C. 626 for retaliation and hostile work environment for having complained of age

discrimination.

## PARTIES

1

4.    The Plaintiff is an individual who resided in the State of South Carolina at all times relevant to this action.

5.    At all relevant times to the allegation in this complaint, the Plaintiff was an employee of the Defendant as defined by State and Federal Law.

6.    On information and belief, Defendant is an entity conducting business and affecting commerce in the state of South Carolina properly within the jurisdiction of the Court.

7.    At all times, relevant to the allegations in this Complaint, the Defendant employed more than 20 persons in the State of South Carolina.

8.    At all times, relevant to the allegations in this Complaint, the Defendant operated a facility in the State of South Carolina.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question.

10.   Jurisdiction of this cause arises under the Age Discrimination in Employment Act of 1974 (ADEA), 29 U.S.C. Section 626 *et seq.*

11.   The Charleston Division is the proper venue for this action pursuant because this is the District and Division in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## Procedural Prerequisites

12.   The Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging Age Discrimination, Hostile Work Environment, and Retaliation.

13.   The Plaintiff's first charge of discrimination was filed on July 16, 2021.

14.     The Plaintiff received a right to sue regarding 415-2021-01047 charge of discrimination on

July 20, 2021 and filed a complaint with the Court. That court is currently being considered

for dismissal with prejudice based on the recommendation of Judge Baker.

15.     The Plaintiff filed a second charge of discrimination on January 5, 2022, alleging

Retaliation, Age Discrimination and Hostile Work Environment which is the subject of this

complaint only. The Charge set forth the following:

*I.       That I was employed with the Employer since February 10, 2012. That I
have been an exemplary employee with no discipline.*
*II.      That I filed a charge of discrimination with the EEOC alleging Age
Discrimination and Retaliation.*
*III.     That after I filed my first charge of discrimination, I began to suffer a
Hostile Work Environment.*
*IV.      I complained about my suspension, hostile work environment and
retaliation to the employer.*
*V.       The employer failed and refused to remedy any of the issues I was having
regarding my employment.*
*VI.      As a result of my complaint, I was subjected to changes in the terms and
conditions of my employment.*
*VII.     That the changes in terms and conditions of my employment were
pretextual.*
*VIII.    That I was terminated on November 9, 2021, in retaliation for my
complaints to Boeing EEO, ethics and for my complaints regarding age
discrimination, harassment and retaliation.*
*IX.      That I was terminated for reasons created by an individual who was no
longer supposed to be my supervisor.*
*X.       That other individuals' younger individuals were treated more favorably.*
*XI.      That I have been discriminated against based on my age in violation of
the Age Discrimination in Employment Act.*
*XII.     That I was subjected to a hostile work environment based on my Age in
violation of the Age Discrimination in Employment Act.*
*XIII.    That I was subjected to retaliation when I was suspended and terminated
from my employment as a result of my complaints*

16.     That the Plaintiff received his Right to Sue on September 28, 2022.

17.     That fewer than ninety days elapsed from the date of the issuance of the first right to sue

and the filing of the complaint in Federal Court.

**FACTUAL BACKGROUND**

3

18.    That the Plaintiff is a resident of the United States and at all relevant times the Plaintiff
       resided in South Carolina.

19.    That the Plaintiff is a Caucasian male over the age of forty.

20.    The Plaintiff has several years in Quality Assurance through years of employment with the
       Navy and AT&T.

21.    That the Plaintiff began working for the Defendant in February 2012.  The Plaintiff was a
       contractor with Moseley Technical Services.  The Plaintiff was considered an exemplary
       worker and was hired by the Defendant as a full-time employee in September 2012.

22.    The Plaintiff's position was a Manufacturing Technician in Composite Fabrication.  The
       Plaintiff was hired on First Shift.

23.    During the Plaintiff's employment the Plaintiff worked in Building 88-19, Composite Fab,
       Building 88-20 Mid-Body, and Building 88-30 Final Assembly.  Building 88-19 is
       comprised of Composition Fab and Assembly & Installation (A&I).

24.    The Plaintiff was issued policies and procedures from the Defendant that set forth the
       requirements of his position, the procedures for employment and the polices that he was
       required to follow as an employee of the Defendant.  The Defendant issued the Plaintiff a
       progressive discipline policy that set forth that the Plaintiff was entitled to first a
       counseling, second a warning, third a CAM, fourth a CAM with a suspension and fifth a
       CAM of discharge.

25.    During the Plaintiff's employment the Plaintiff was recognized and awarded under the
       Boeing Recognition Program Award for his work performance.  The Plaintiff was further
       recognized for his work as a Scribe for his Employment Involvement team from June 2012
       to April 2017, received monetary and meritorious award in May 2018 for co-authoring a

4

caul plate tape removal tool, nominated by Management for Foreign Object Debris Team in 2019, presented a Certificate of Exceptional Performance from the Boeing Employee Recognition Program on January 21, 2020, and nominated by Management to be a temporary Fodtac (Foreign Object Tool and Compliance Assessor on December 16, 2020.

26.    On January 29, 2021, the Plaintiff accepted a Manufacturing Technician position in Interiors Responsibility Center or IRC.  The Plaintiff received two- and one-half weeks of training before being placed in his position in IRC.  The Plaintiff shadowed MT Jack Lamb who was a Subject Matter Expert (SME) in applying panel inserts.  The Plaintiff attended training on February 16 and 17th.  The Plaintiff was required to take IRC Panel Insert Test in order to be released to the production floor.  The Plaintiff performance on the Test was exemplary and he was released to work on the floor.

27.    The Plaintiff's manager in IRC was Cameron Lee.

28.    During the Plaintiff's employment, the Plaintiff was not disciplined up and until his transfer to IRC which led to a suspension and termination which occurred after the July 2021 charge of discrimination and are currently pending before the EEOC.

29.    When the Plaintiff was placed in IRC, he was issued a computer.  The computer allows employees to connect to Boeing's Intranet where they are able to do their job effectively. The employee has to have access to the CMES (Common Manufacturing Execution Systems) in order to receive work orders and perform work operations. The Plaintiff had issues with the computer from day one, but Cameron Lee would not assist with resolution. The Plaintiff was finally able to seek and obtain resolution on May 11, 2021, with the assistance of Nelson Akwari.

30.    On February 26, 2021, the Plaintiff had been in the IRC department for a period of 8 days. Cameron Lee proceeded to inform the Plaintiff that he needed to become quicker.  The Plaintiff informed Lee that he was just learning the Redars program and that he had limited experience with that program.

31.    On March 12, 2021, the Plaintiff reported a problem with his potting gun applicator that caused his adhesive to run slow which further delayed his performance and ability to complete jobs.  The Plaintiff demonstrated this for Lee.

32.    On March 18, 2021, there was a storm forecasted for the Charleston area.  Boeing offered employees the option to take vacation/PTO or Leave of absence with no pay.  The Plaintiff elected to stay the entire shift.  Cameron Lee again informed the Plaintiff he was too slow.

33.    On March 19, 2021, the Plaintiff was informed by two different QA inspectors that he did good work.

34.    The Plaintiff filed a complaint against Cameron Lee on March 20, 2021 with Shari A. Bleuer, Ethics and Compliance Advisor for BCA Charleston titled "Ethics Complaint for Misconduct."  The Document stated that the Plaintiff was filing a written formal complaint.

35.    After the Plaintiff's first complaint the Plaintiff's work environment became hostile where Cameron Lee subjected the Plaintiff to bullying, intimidation, degrading and humiliating behavior, and derogatory commentary.  Cameron Lee did not treat other employees who were younger than the Plaintiff in the same manner as he treated the Plaintiff.  The Plaintiff reported this differential treatment and hostility to management and Corporate Ethics.

36.    On April 27, 2021, Cameron Lee told the Plaintiff not to use the dead blow hammer to hit inserts.  Lee informed the Plaintiff it was not in the process.  The Plaintiff informed Lee that there were numerous MTs that work in his area that have repeatedly used this process.

The Plaintiff did not realize that the use of the hammer violated the process considering all other MTs in his area were using the dead blow hammer. Cameron Lee did not instruct any other MTs not to use the dead blow hammer. The Plaintiff did not use the dead blow hammer again.

37.     On May 3rd, 2021, the Plaintiff stayed two hours past his normal shift attempting to fix his computer to properly perform his duties and responsibilities. The Plaintiff was on the phone with Boeing's Enterprise Help Desk and an IT Representative, but no one was able to resolve the problem. A trouble ticket was generated to have someone fix the problem.

38.     On May 4, 2021, the Plaintiff informed Cameron Lee that there was an issue with his computer and had submitted a trouble ticket. Cameron Lee's only response was that You are the only one having this problem and why is that? The Plaintiff informed Lee that he was computer literate and that during his entire employment with Boeing of over 8 years this is the only time he has had a problem.

39.     On May 5, 2021, the EHD of Boeing closed the ticket without resolving the problem. The Plaintiff immediately contacted EHD and had the ticket reopened. The Plaintiff then spoke to Nelson Akwari about the issue. Akwari immediately acted and had the Plaintiff receive assistance. On May 11, 2021, the computer was exchanged. The next day the Plaintiff returned to work with no computer issues.

40.     On May 20, 2021, the Plaintiff received an email that set forth "On 4/29 you failed to follow process and were using a dead blow hammer during the insert process, this has previously caused rework, defective work, and several panels to be scrapped." After the statements by Cameron Lee on April 27, 2021, the Plaintiff had not used the dead blow hammer again on inserts. The SME in the Plaintiff's area informed the Plaintiff that he did

not believe that the Plaintiff's actions to cause rework, defective work, or several panels to be scrapped.

41.    The Plaintiff filed a second complaint against Cameron Lee on May 22, 2021, which was in rebuttal to the May 20, 2021, email.

42.    On May 23, 2021, the Plaintiff contacted the EEOC by Letter and informed them that he was lodging a written formal EEOC ethics complaint against Cameron Lee, who is a Boeing Supervisor.

43.    The Plaintiff filed a third complaint against Cameron Lee on June 10, 2021. The Plaintiff's complaint set forth that the Cameron Lee was harassing him, retaliating against him and attempting to have him terminated.  On June 10, 2021, the plaintiff had no work to do.  The Plaintiff requested work from a co-worker and the backup Lead.  There was no work, so the Plaintiff was performing other tasks.  After lunch Cameron Lee called the Plaintiff into his office and requested why the Plaintiff had not been working on a panel.  The Plaintiff informed Lee that there was no work.  The Plaintiff had requested work from 3 other people, and no one had any.  Lee informed the Plaintiff that all employees must pull their weight.  The Plaintiff again informed Lee that there was no work for him to do.

44.    The Plaintiff did not receive a response to this ethics/harassment/misconduct complaint until June 21, 2021.

45.    A second email was received from Boeing on June 22, 2021, regarding his Ethics complaints.

46.    The Plaintiff filed a charge of discrimination with the EEOC on July 16, 2021.  The Plaintiff filed supplements with the EEOC on several occasions after this July 16, 2021, charge.  On October 22, 2021, the Plaintiff wrote a formal letter to the EEOC stating that he was filing

a new written formal charge.  The Plaintiff further contacted the EEOC on November 24,

2021 and informed them again he was filing a new written formal EEOC charge.  However,

the EEOC failed and refused to file an amended charge of discrimination.  Therefore, on

January 5, 2022, the Plaintiff filed a second charge of discrimination to cover all incidents

from July 16, 2021, to his termination on November 9, 2021.

47.     The Plaintiff was subjected to a hostile work environment based on his Age.

48.     That the Plaintiff was terminated from his employment on November 9, 2021.

49.     That the Plaintiff was terminated in retaliation for his complaints.

50.     That the Plaintiff was discriminated against based on his age, and retaliation for his

complaints.

51.     That on numerous occasions the Plaintiff reported Cameron Lee for harassment.  At the

time Cameron Lee was not the Plaintiff's supervisor.  The Plaintiff was informed that the

situation would be handled with Cameron Lee.  That the Defendant failed and refused to

handle the situation with Cameron Lee which led to the Plaintiff's ultimate suspension and

termination.

52.     That form July 16, 2021 until his termination on November 9, 2021 the Defendant failed

and refuse to fix the Plaintiff's work environment was meant to harass the Plaintiff, harm

the Plaintiff, and retaliate against the Plaintiff.

53.     That each of the reasons presented by the Defendant for the discipline of the Plaintiff,

suspension of the Plaintiff and ultimately his termination, were pretextual.  The Plaintiff's

complain in this action is limited to the claims from July 16, 2021 until November 9, 2021

when he was terminated.

54.    That the Plaintiff presented on several occasions that he was not violating the process and why.  The Defendant failed and refused to consider the information and only believed Cameron Lee who was intentionally discriminating against the Plaintiff.  The Plaintiff at all times relied on his extensive training in Quality Assurance to protect his production work against false allegations of process violations.  The Plaintiff specifically presented explanations and documentation on three different occasions as to why the actions he took were not process violations.

55.    That the Defendant is the direct and proximate cause of injury to the Plaintiff.  At all times the Plaintiff contended that the allegations against him were false and that it was disparate discipline and disparate treatment.

56.    That the Plaintiff was issued certain policies and procedures by the Defendant. The policies set forth the proper handling of discrimination complaints and retaliation.  The Defendant failed and refused to properly handle the Plaintiff's complaints which lead to further retaliation and ultimately the Plaintiff's termination.

57.    The Defendant violated the policies and procedures by failing to follow the actual policies in place against hostile work environment and retaliation.

58.    That as a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which he should be compensated.

59.    Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of his Age.

60.    That the Plaintiff was treated differently than the individuals not in the Plaintiff's protective category. The individuals outside the Plaintiff's protected category were treated more favorably. That the Plaintiff was subjected to discrimination based on his Age in Violation of the Age Discrimination in Employment Act.

61.    That the Plaintiff's unlawful suspension in retaliation for his complaints regarding discrimination was in violation of the Age Discrimination in Employment Act.

62.    That the Defendant's actions towards the Plaintiff violated the law and violated their own polices regarding Equal Employment Opportunity and a Discrimination free workplace.

63.    That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age and retaliation, the Plaintiff:

    a.    suffered severe emotional distress;

    b.    suffered future lost wages and future lost benefits;

    c.    suffered economic damages;

    d.    Loss of employment;

    e.    Loss of Future employment;

    f.    incurred attorney fees for this action;

    g.    incurred costs of this action; and

    h.    will incur future attorney fees and costs.

64.    That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

11

65.    That the Defendant evaluated the plaintiff differently based on his complaints regarding Age Discrimination complaints.    The Plaintiff was terminated in retaliation for his complaints regarding discrimination, hostile work environment and retaliation by Cameron Lee.

66.    That the Defendant is the proximate and direct cause of damages to the Plaintiff.

67.    Plaintiff seek all back pay and fringe benefits to which he is entitled under 29 U.S.C. Section 626(b), as well future damages, and liquidated damages under the act.

68.    Pursuant to 42 U.S.C. Section 1988(c) and 42 U.S.C. Section 2000e-5(k), Plaintiff seeks his attorney's fees in bringing this action, including expert witness fees, and further seeks his costs associated with bringing this action pursuant to 28 U.S.C. 1920 of the Federal Rules of Civil Procedure, along with prejudgment and post-judgment interest pursuant to the law.

## FOR A FIRST CAUSE OF ACTION

## AGE DISCRIMINATION IN VIOLATION OF THE

## AGE DISCRIMINATION IN EMPLOYMENT ACT

69.    That paragraphs one (1) through sixty-eight(68) are hereby incorporated verbatim.

70.    That the Plaintiff was subjected Age Discrimination while employed with the Defendant.

71.    That the Defendant, treated the Plaintiff significantly differently based on his age.    That younger individuals were not disicplined for similar or worse acts as alleged against the Plaintiff.    That the Plaintiff was terminated on November 9, 2021 on the basis of his age.

72.    That the Defendant, treated the Plaintiff significantly different than it treated other younger employees.    That the Defendant did not discipline younger employees for actions that

would have been terminable offesnses.  The Defendant did not terminate other employees for the actions that were allegedly committed by the Plaintiff.

73.    That the Defendant's actions towards the Plaintiff violated the law.  But for the Plaintiff's age he would not have been discriminated against, retaliated against or subjected to a hostile work environment.

74.    That the Defendant is the direct and proximate cause of damage to the Plaintiff.

75.    That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, the Plaintiff:

   a.    suffered severe emotional distress;

   b.    suffered future lost wages and future lost benefits;

   c.    suffered economic damages;

   d.    Loss of employment;

   e.    Loss of Future employment;

   f.    incurred attorney fees for this action;

   g.    incurred costs of this action; and

   h.    will incur future attorney fees and costs.

76.    That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A SECOND CAUSE OF ACTION
## RETALIATION FOR COMPLAINTS REGARDING AGE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

77.    That Paragraphs one (1) through seventy-six (76) are hereby incorporated verbatim.

78.    That the Plaintiff was an employee according to the ADEA.

79.    That the Plaintiff was wrongfully terminated form his employment for making several complaints regarding Age Discrimination, Hostile work environment and Retaliation. The Plaintiff reported these complaints during his employment and from July 16, 2021, until November 9, 2022.    That the Plaintiff has filed made complaints regarding Age discrimination to Corporate Ethics and management.

80.    All reasons presented by the Defendant for the plaintiff's termination were pretextual. On several occasions the Plaintiff presented information and documentation to support his contention that he was being treated differently and his actions were not a process violation. Specifically, the Plaintiff presented through documentation that included the Defendant's own policies and procedures that he was not violating the process and why. The Defendant failed and refused to consider the information. The Plaintiff at all times relied on his extensive training in Quality Assurance to protect his production work against false allegations of process violations. The Plaintiff specifically presented explanations and documentation on three different occasions as to why the actions he took were not process violations.

81.    That after the Plaintiff's wrongful suspension the Plaintiff was later terminated from his employment on November 9, 2022.

82.    As a result of those complaints the plaintiff has been treated differently and subjected to retaliation. Other employees were not terminated for must worse alleged actions. The others had not filed complaints regarding discrimination.

14

83.    That the Defendant retaliated against the Plaintiff by suspending his employment and then later terminating his employment.

84.    That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of his complaints.

85.    That the Plaintiff was considered an exemplary employee by many of his supervisors until Cameron Lee became his supervisor.

86.    As a result of the Plaintiff's complaints regarding discrimination based on his Age, and hostile work environment based on his previous complaints the Defendant retaliated against the Plaintiff.    That the Plaintiff was wrongfully terminated for his complaints regarding ethics and age discrimination.

87.    The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

88.    As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which he should be compensated.

89.    That the Defendant is the direct and proximate cause of injury to the Plaintiff.

90.    That the Plaintiff is entitled to an award of damages from the Defendant.    That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADEA.

## **PRAYER FOR RELIEF**

WHEREFORE the plaintiff prays that this Honorable Court:

A. Accept jurisdiction over this matter, including the pendent claim;

B. Empanel a jury to hear and decide all questions of fact;

C. Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D. Award to plaintiff compensatory and consequential damages against the defendant;

E. Award to plaintiff punitive damages against the defendant for their malicious and spiteful pattern of discrimination;

F.  Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of the ADEA;

G. Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

H. Award all damages available to the Plaintiff pursuant to Federal and State Law;

I. Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in sexual discrimination, disparate treatment or retaliation against plaintiff and

J. enter any other order the interests of justice and equity require.

Respectfully Submitted,

ATTORNEY FOR THE PLAINTIFF


*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

October 3, 2022

16